# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DEKALB ELDER CARE CORPORATION, d/b/a Wills Creek Village,** ] ] ] ] | |
| Plaintiff, ] | Case No.: **4:08-CV-757-VEH** |
| ] | |
| v. ] | |
| ] | |
| **THE CHILDREN'S PLACE, a Disney Corporation, et al.,** ] ] ] | |
| Defendants. ] | |

## **MEMORANDUM OPINION**

**I.   INTRODUCTION**

This property damage case was removed to this court from the Circuit Court of DeKalb County, Alabama, by Defendant Clayco, Inc. ("Clayco") on April 29, 2008, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] (*See generally* Doc. #1).  The court has before it Plaintiff's Objection to Petition for Removal and Request to Remand ("Request to Remand") (Doc. #4) filed on May 6, 2008.  On May 13, 2008, Clayco filed its response (Doc. #6) to Plaintiff's Request to

---

[1]Defendant The Children's Place, which party Clayco has identified as instead having the proper name of "The Children's Place Service Company, LLC" (*see* Doc. #1 at 3 ¶ 5) had not been served with a summons and complaint at the time of Clayco's removal, but through communication between counsel, it consented to Clayco's filing of the removal petition. (*Id.* at 3 ¶ 6).

Remand.  As explained below, the case is due to be remanded to the Circuit Court of DeKalb County for lack of subject matter jurisdiction.

## II.   ANALYSIS

In its response, after explaining all the reasons leading up to its decision to remove, Clayco ultimately concludes that a remand of the lawsuit is appropriate based upon Plaintiff's recent representations that it does not and will not seek damages in excess of the jurisdictional minimum (*i.e.*, $75,000.00):

> As an officer of this Honorable Court, and in conformance with the May 7, 2008 Order entered in this case, the undersigned counsel of record for this Defendant, while drafting this pleading on May 12, 2008, contacted Plaintiff's counsel and asked, point blank, if the Plaintiff seeks damages in excess of $75,000.00 today, tomorrow, next year, or at any time in the future.  Plaintiff's counsel stated that she had been back to the facility of the Plaintiff, communicated with the Administrator of the Plaintiff, verified that the alleged wrongful blasting activities of the Defendants have ceased and verified that the damage to the real property of the Plaintiff is concluded or finalized.  <u>Plaintiff's counsel advised that she and her client do not and will not seek damages in excess of $75,000.00</u>.
>
> **WHEREFORE**, due to and based upon the representations made by Plaintiff's counsel on May 12, 2008[,] to the undersigned, <u>this Defendant concedes that this case is due to be remanded back to the Circuit Court of De[K]alb County, Alabama for further proceedings</u>.

(Doc. #6 at 3 ¶ 6; *id.* at 3-4 (emphasis added)).

## III.  CONCLUSION

Therefore, for good cause shown and with the removing party's consent,

Plaintiff's Request to Remand is due to be granted, and the case is due to be remanded for lack of subject matter jurisdiction and more particularly for the admitted failure to meet the requisite amount in controversy.  Accordingly, an order will be entered remanding the case to the Circuit Court of DeKalb County.

**DONE** and **ORDERED** this 14th  day of May, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge